**In re VERDINI'S ENTERPRISES INC., Debtor.**

**Bankruptcy No. 80–01353–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Aug. 21, 1981.

Irving Wolff, New York City, trustee.

ORDER ON CLAIMS 5 AND 6

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has objected (C. P. No. 26, 27) to claims 5 and 6. The claimants have supplemented their claims. (C. P. No. 28). The objections were heard on August 19.

The facts are undisputed. The two claimants jointly loaned the debtor $15,000 in December, 1979. The debt was secured by a chattel mortgage on the debtor's inventory. The inventory has since been liquidated and the trustee holds the proceeds.

Since each claimant contributed one-half loaned, each claim is for $7,500. The questions presented with respect to each claim are identical and, therefore, the issues will be discussed as though this were a single transaction for $15,000.

The trustee has stated four objections. Only the first two merit discussion.

■ *Usury.* The trustee alleges that the rate of interest on this loan was 46 percent and therefore usurious under § 687.03 (civil remedy) and § 687.071 (criminal penalty), Florida Statutes. He bases this objection on a Statement of Cost of Loan prepared by the lenders in accordance with the Truth in Lending regulations. This statement revealed that the debtor's note was due in six months and carried 18% interest per annum, and that the debtor paid additionally an "origination fee" of $1,590. If the fee constituted interest under the statute, the transaction is usurious. If it did not, it is not usurious.

The undisputed fact is that the fee was paid to a third party mortgage broker selected by the borrower. The broker procured the lenders. There was and is no other relationship between the lenders and the broker.

It is the trustee's argument that the act of the lender's attorney in providing at the closing for the payment of the mortgage broker from the proceeds of the loan constituted the taking of interest by an agent of the lenders. The statute, in pertinent part, provides as follows:

"... it shall be usury and unlawful for any person, or for any agent, officer, or other representative of any person, to reserve, charge, or take for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly, by way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest." § 687.03, Florida Statutes.

The trustee relies on *North American Mortgage Investors v. Cape San Blas Joint Venture,* Fla.1979, 378 So.2d 287, where the court held the payment of a fee to a mortgage broker constituted interest and caused the transaction to be usurious. However, the principle applied in that case, which is not applicable in this case, was stated by the court as follows:

"... if *an agent employed by the lender* while acting within the scope of his authority exacts a commission for himself from the borrower, then the commission will be considered as interest in determining whether there is a violation of the usury laws of this state." (at page 290) (Emphasis supplied).

In that case, the trial court found that "... the same entity was acting as agent for the borrowers and for the lender." The mortgage commission was, therefore, exacted by the lender's agent. In our case, the broker had no relationship whatsoever to the lenders.

Although the lender's attorney was clearly the lender's agent, the attorney did not charge or "exact" the commission on behalf of the attorney or his client. He merely complied with the wishes of the borrower and the borrower's broker in the disbursement of the loan proceeds.

As stated in *River Hills, Inc. v. Edwards,* Fla.App. 1966, 190 So.2d 415, 423:

"... the purpose of usury statutes is to bind the power of creditors over necessitous debtors and prevent them from extorting harsh terms in the making of loans ...".

In our case nothing the lenders or their attorney did compelled the borrower to pay more than the lawful rate of interest and neither the lenders nor their attorney received any direct or indirect benefit from the brokerage fee in question.

I find that the claimant lenders neither charged nor received in this transaction any sum in excess of the amount authorized by § 687.03, that is to say 18 percent per annum.

*Preference.* It is the trustee's second objection that because the three individual proprietors of the debtor corporation joined the corporation in delivering to the lenders a second mortgage on two condominiums as a part of this transaction and because a part of the loan proceeds was disbursed to discharge a prior lien against one or both of these condominiums, the obligation in question is not owed by the debtor but is in fact an obligation of the individual proprietors, and, therefore, any payment of that obligation from the debtor's estate would constitute "a preferential transfer to the said three parties".

The facts upon which the trustee relies are undisputed. I find that the second mortgage and the joinder in that mortgage by the individual proprietors was additional collateral for the corporate obligation, that the disbursement of $2,297 from the loan proceeds was for the discharge of a prior lien encumbering that collateral and that the obligation was and is owed by the debtor as well as the three individuals. It is not uncommon, of course, for lenders to require and for borrowers to give a personal guarantee of a corporate obligation and to do so in the form of documents which make them co-obligors.

I make no finding as to whether this payment constituted a preference within the scope of 11 U.S.C. § 547 or § 548 or any other provision of law. If this payment constituted a voidable transfer either in part or entirely, the trustee should seek relief from the transferee in an appropriate adversary complaint. The three individual proprietors are not parties to this hearing. The record before me does not warrant a

finding that the loan in question was essentially for the benefit of a party other than the corporation.

It follows that the objections to claims 5 and 6 are overruled.